BRANHAM, next friend, *vs.* THE CENTRAL RAILROAD.*

Where a boy about eleven years of age, to amuse himself and to steal a ride, mounted on the ledge of the tender of a railroad engine while it was switching to make up a train of cars preparatory to leaving a town, he being there contrary to the expressed wish of the defendant's employés, and remaining notwithstanding their orders to leave, and paying no attention to their repeated requests to dismount, which he had opportunities to do, and one of the hands on the engine threw cold water upon him while thus on the ledge of the engine, and he then jumped and fell under the wheels of the locomotive, while it was moving at a rapid rate, and was thereby seriously hurt; and where, on a suit for such injury against the railroad company, under a charge of which no complaint is made, the jury found a verdict in favor of the defendant, and the presiding judge refused to grant a new trial, this court will not interfere. Questions of negligence resulting in such injuries as those complained of are for the jury.

January 25, 1887.

Railroads. Damages. Negligence. New Trial. Before Judge LAWSON. Putnam Superior Court. March Term, 1886.

Reported in the decision.

H. A. JENKINS, by HARRISON & PEEPLES, for plaintiff in error.

LAWTON & CUNNINGHAM; W. B. WINGFIELD, for defendant.

HALL, Justice.

The plaintiff, a boy about eleven years of age, to amuse himself and to steal a ride, mounted on the ledge of the tender of defendant's engine, while it was switching to make up the train of cars preparatory to leaving for Milledgeville. He was there contrary to the expressed wish of

*JACKSON, C. J., did not preside in this case, on account of providential cause.

defendant's employés, and remained notwithstanding their orders to leave it, and paid no attention to their repeated requests to dismount. While thus on the ledge, one of the hands on the engine threw cold water upon him, and he then jumped and fell under the wheels of the locomotive, while it was moving at a rapid rate, and was thereby seriously hurt. Upon a charge, of which no complaint is made, a verdict in favor of the defendant was returned, and on a motion for a new trial, the court refused to set it aside.

It is well-settled that questions of negligence resulting in such injuries as those complained of are for the jury, and that a recovery may be defeated by its being shown that the injury was caused solely from the negligence of the plaintiff, or that he could, by the exercise of ordinary care, have avoided the consequences to himself, or that the defendant and its employés were in the exercise of all ordinary care and diligence, or, in other cases than these, that the defendant will not be relieved, although the plaintiff may in some way have contributed to the injury sustained, but in that event the damages shall be diminished by the jury in proportion to the default attributable to him. Code, §§2972, 3033, 3034, and citations.

The plaintiff, against the consent of the company's servants, voluntarily placed himself in a dangerous position on the narrow ledge of the tender attached to the engine, and remained there notwithstanding their remonstrances, when he had several opportunities to have gotten off, as the locomotive stopped several times, and at last attempted to alight only when the water was thrown on him and when the train was in rapid motion. It does not appear to have been thrown with such force as to hurl him from his position, and although the locomotive was then moving rapidly, the jury, it seems, were satisfied that ordinary care ought to have prevented him from making the attempt at that particular time. They were doubtless of opinion that, by the exercise of ordinary care, he could have pre-

vented the consequences of the injury to himself; and we cannot say that there were no facts in proof on which this opinion could have been founded.

Considering the youth of the plaintiff, and the want of care incident to childhood, in connection with the duty of the defendant to exert itself to prevent impending danger where it is perceived in time to do so, even though the plaintiff be a trespasser and wrong-doer, especially when fatal consequences to life may have arisen, we are not prepared to say that a verdict in the plaintiff's favor, proportioned according to his own default in contributing to his injury, would or ought to have been disturbed. The jury, however, as they had a right to be, were of a different opinion, and the judge who presided at the trial being satisfied with the finding, and having exercised his discretion, so far as appears, guardedly and properly, we do not feel authorized to interfere and govern it. See *Central Railroad vs. Brinson*, 70 *Ga.* 219 ; *Georgia Railroad vs. Carr*, 73 *Ga.* 557.

Judgment affirmed.